NUMBER 13-06-00253-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

SIR MAURICE JOHNSON, APPELLANT,


v.



HAZEL J. MARTINEZ, ET AL., APPELLEES. 

_____________________________________________________________


On Appeal from the 156th District Court of Bee County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam


 Appellant, Sir Maurice Johnson, appearing pro se, appeals a judgment rendered
against him in a civil suit. Appellant's brief in the above cause was due on October 22,
2007. On November 19, 2007, the Court notified appellant that the appeal was subject to
dismissal for want of prosecution unless, within ten days, appellant reasonably explained
his failure to file the brief and the appellees were not significantly injured by his failure to
do so. The order was sent to appellant's last known forwarding address; however, the
notice was returned unclaimed and no response has been filed. The Court has sent other
correspondence to appellant, which has also been returned as undeliverable.

 Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign
any document filed and "give the party's mailing address, telephone number, and fax
number, if any." See Tex. R. App. P. 9.1(b). Appellant has neither provided this court with
a forwarding address nor taken any other action to prosecute this appeal. 

 Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice
to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a
requirement of the appellate rules. See id. 42.3(b), (c). Rule 2 authorizes an appellate
court to suspend a rule's operation in a particular case to expedite a decision. See id. 2.
Given the length of inactivity in this appeal and this court's inability to give effective notice
to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days'
notice to all parties, and dismiss the appeal on our own motion. See id. 42.3(b), (c).

 The appeal is DISMISSED FOR WANT OF PROSECUTION. See id.

 PER CURIAM


Memorandum Opinion delivered 

and filed this the 17th day of January, 2008.